Ernest D. Buff, Esq.
**ERNEST D. BUFF & ASSOCIATES, LLC**
231 Somerville Road
Bedminster, New Jersey 07921
(908) 901-0220
EBuff@EDBuff.com
Attorney for Defendant,
John Doe (IP address 50.166.10.240)

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                    Plaintiffs<br><br>VS.<br><br>JOHN DOE subscriber assigned IP address 50.166.10.240<br><br>                    Defendants | Civil Action No. 2:15-cv-01742-MCA-JBC |

**BRIEF IN SUPPORT OF MOTION TO QUASH
BY DEFENDANT JOHN DOE**

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.   Defendant, John Doe, Will Be Caused Undeserved Reputational
     Injury, Embarrassment and Harassment If Defendant's Identity
     Becomes Known . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.  Plaintiff Has No Reasonable Basis To Presume Defendant,
     John Doe, Is The Alleged Infringer Of Plaintiff's Copyright . . . . . . . .   6

III. Plaintiff Has Given No Assurances That The IP Addresses
     Obtained Are Correct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.   Defendant, John Doe, Has Standing To Contest The Subpoena . . . . .   8

II.  The Third Party Subpoena Should Be Quashed Because It Will
     Subject Defendant, John Doe, To Undue Burden . . . . . . .. . . . . . . .   9

III. The Third Party Subpoena Should Be Quashed Because It
     Will Not Advance Plaintiff's Case . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

IV.  The Third Party Subpoena Should Be Quashed Because Its Burden
     To The Defendant Outweighs Its Likely Benefit . . . . . . . . . . . . . . . . . . .   13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

# TABLE OF AUTHORITIES

**I. Federal Cases:**

1. *In re* BitTorrent Adult Film Copyright Infringement Cases, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 11, 17

2. Third Degree Films, Inc. v. Does 1-108, 2012 U.S. Dist. LEXIS 25400 (D. Md. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3. VPR Internationale v. Does 1-1017, 2011 U.S. Dist. LEXIS 64656 (C. D. Ill. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

4. Syposs v. United States, 181 FRD. 224 (W.D.N.Y 1998) . . . . . . . . . . . . . . . . 13

5. Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812 (5th Cir. 2004) . . . . . . . . . 13

6. Patrick Collins, Inc. v. John Doe 1, 2012 U.S. Dist. LEXIS 165764 (E.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**II. Federal Rules of Civil Procedure:**

1. Fed. R. Civ. P. 26(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

2. Fed. R. Civ. P. 45(c)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3. Fed. R. Civ. P. 45(c)(3)(A)(iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4. Fed. R. Civ. P. 26(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5. Fed. R. Civ. P. 26(b)(2)(C)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

6. Fed. R. Civ. P. 45(c)(3)(A)(iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## INTRODUCTION

Defendant, John Doe (allegedly having IP address 50.166.10.240), by and through counsel Ernest D. Buff, Esq. of Ernest D. Buff & Associates, LLC, hereby respectfully moves the Court to quash the Third Party Subpoena issued to Defendant's Internet service provider, Comcast Cable Holdings, LLC (Comcast), because (i) the Third Party Subpoena seeks to obtain protected information, which would subject John Doe to an undue burden in the form of undeserved reputational injury, embarrassment and harassment; and (ii) the subpoena seeks information that is not relevant, given Plaintiff's failure to link John Doe to alleged copyright infringement activity.

## BACKGROUND

Plaintiff brought this lawsuit against John Doe alleging violation of its copyright to adult content and/or pornographic films, which Plaintiff believes were distributed by way of BitTorrent peer-to-peer file sharing protocols.  Plaintiff has identified the defendant only by way of an Internet Protocol address ("IP address"), which is a number assigned to an Internet subscriber by their Internet Service Provider ("ISP").  The alleged date and time of infringement, as well as a list of Plaintiff's films that were allegedly reproduced and distributed illegally, are included in Exhibits A and B of the Complaint.

Plaintiff's ex parte Motion to serve Third Party Subpoenas upon John Doe's Internet Service Providers (in order to obtain the identities of John Doe) was granted on April 7, 2015.  Soon thereafter, this Defendant, John Doe, received notification from Comcast Cable Holdings, LLC (Comcast), informing Defendant of this lawsuit.

Defendant, John Doe, denies the allegations of copyright infringement alleged by the Plaintiff (see Declaration of Ernest D. Buff, Esq.). Defendant's motivation for moving the Court is to remain anonymous, thereby preventing undeserved reputational injury, embarrassment and harassment.

I. **Defendant, John Doe, Will Be Caused Undeserved Reputational Injury, Embarrassment And Harassment If Defendant's Identity Becomes Known**:

Plaintiff, Malibu Media, LLC, is a California Limited Liability Company that has filed numerous mass copyright infringement suits against unknown Defendants (identified simply as "John Doe") that typically center on the BitTorrent peer-to-peer file sharing protocols. *See e.g. In re BitTorrent Adult Film Copyright Infringement Cases, 2012 U.S. Dist. LEXIS 61447, [*1] (E.D.N.Y. 2012) (collecting cases); see also Exhibits A, B and C of Certification of Ernest D. Buff, Esq.* Please note that this lawsuit is but one of said mass copyright infringement suits against John Doe Defendants, which Plaintiff has filed in federal courts throughout the country.

Given the large number of seemingly unrelated John Doe Defendants, as well as the seemingly continuous stream of mass copyright infringement lawsuits Plaintiff files, there can be little doubt that ***Plaintiff does not have the means or the desire to prove these cases on their merits***. In fact, Defendant's attorney has not been able to identify a single example where a mass copyright infringement lawsuit has gone to trial, albeit with respect to a single defendant (who was originally identified as a "John Doe").

Based upon information and belief, Defendant asserts that ***Plaintiff seeks to acquire (by way of Third Party Subpoena) the identities and addresses of the various John Doe Defendants, thereby extracting payment by way of hassle, embarrassment and intimidation***—especially given the nature of the allegations and the material in question (i.e., pornographic films).  *See generally 2012 U.S. Dist. LEXIS 61447 at [\*9] ("clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigations tactics to extract settlements from John doe Defendants"); see also Exhibit D of Certification of Ernest D. Buff, Esq.*  In other words, ***Plaintiff is engaging in a "fishing expedition,"*** thereby positioning itself to embarrass and intimidate the numerous John Doe Defendants into a settlement.

**II.     Plaintiff Has No Reasonable Basis To Presume Defendant, John Doe, Is The Alleged Infringer Of Plaintiff's Copyright:**

As noted, Plaintiff's **only** nexus between Defendant, John Doe, and any alleged act of infringement is Defendant's IP address.  This, however, is an insufficient basis of identifying Defendants, since it is well known that a single IP address can have multiple users.  Due primarily to the use of inexpensive and readily available wireless Internet routers, multiple computers may be linked to a single IP address at any given time, even without the Internet subscriber's knowledge.  Anyone within range of said wireless router can access the IP address of an Internet subscriber, even a neighbor.

Plaintiff clearly indicated in paragraphs 2 and 9 of the Complaint that said John Doe has been identified solely on the basis of their IP address.  Yet, an IP address is assigned (by an ISP, as mentioned above) to an Internet subscriber—not to an individual

user or to an individual computer.  Therefore, ***Plaintiff is making a somewhat presumptuous assertion that this Defendant (who is merely an Internet subscriber) is a user of BitTorren protocol, must less a copyright infringe****r*.

Accordingly, Plaintiff cannot link Defendant, John Doe, to any alleged act of copyright infringement.

### III. <u>Plaintiff Has Given No Assurances That The IP Addresses Obtained Are Correct</u>:

In addition to what has been discussed above, please note that there also exists means by which Internet users can conceal their true location by forging the IP address of another (i.e., a process commonly referred to as "IP spoofing").  Plaintiff has failed to give any assurances that the IP address it obtained for this Defendant is not the product of spoofing.  *See e.g. Exhibit E of Certification of Ernest D. Buff, Esq.*

Perhaps even more troubling is that ***Plaintiff has not explained in any significant detail <u>how</u> the IP address of this specific Defendant, John Doe, was obtained***.  The Complaint merely states that "Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with the Defendant's IP address" (see Complaint, ¶ 18).  What precisely is IPP International UG?  And, why are we to believe that IPP International UG is an authority in tracking down IP addresses?

In particular, Plaintiff has not offered any details regarding the methodology used by IPP International UG, nor is there any mention of the expertise, training and education of IPP International UG employees who compiled the list of IP addresses for the Plaintiff.

Further, there is no assurance offered by Plaintiff that IPP International UG's investigations are accurate and reliable.

These factors—"IP spoofing" and unreliable/inaccurate tracking of IP addresses—raise further doubt about Plaintiff's allegation that this Defendant, John Doe, infringed Plaintiff's copyright.

## ARGUMENTS

Defendant's motion to quash is proper because the risk of reputational injury—even if Plaintiff's allegations are later disproven—is too great and presents an undue burden upon this Defendant. Moreover, the Third Party Subpoena seeks information that is not relevant to the Plaintiff's allegations.

### I.     **Defendant, John Doe, Has Standing To Contest The Subpoena:**

Defendant, John Doe, has standing to move the Court to quash the above noted Third Party Subpoena issued to Optimum Online, because said Subpoena seeks to obtain Defendant's identity and other personal information considered to be confidential and over which this Defendant has personal and proprietary interests. *See Third Degree Films, Inc. v. Does 1-108, 2012 U.S. Dist. LEXIS 25400, [\*8] (D. Md. 2012).* Alternatively, Defendant has standing because the release of said confidential personal/identity information will subject this Defendant to undeserved reputational injury, embarrassment and harassment. *See Fed. R. Civ. P. 26(c).*

Please note that Fed. R. Civ. P. 45(c)(3)(B) enables an individual who is "affected by the subpoena," thus not necessarily subject to it, to move a court to quash the

subpoena at issue. Additionally, under Fed. R. Civ. P. 45(c)(3)(A)(iv), an individual has standing to move a court to quash a subpoena if the subpoena "subjects a person to undue burden."

Accordingly, it is respectfully submitted that Defendant, John Doe, has standing to move the Court to quash the above noted Third Party Subpoena.

## II. The Third Party Subpoena Should Be Quashed Because It Will Subject Defendant, John Doe, To Undue Burden:

Given the nature of the material in question (i.e., pornographic films) and the likelihood of false accusation/identification, the risk to Defendant is too great to allow Plaintiff's "fishing expedition" to take place. Should Plaintiff learn of Defendant's identity, this Defendant, John Doe, would suffer an undue burden in the form of undeserved reputational injury, embarrassment and harassment, as discussed above.

As noted, Plaintiff has made a presumptuous assertion in the Complaint that a John Doe Defendant, identified solely by IP address, is an alleged copyright infringer. Plaintiff, however, fails to acknowledge that an IP address can only be linked to an Internet subscriber—not to an alleged copyright infringer. In other words, "IP subscribers are not necessarily copyright infringers." *VPR Internationale v. Does 1-1017, 2011 U.S. Dist. LEXIS 64656, [*3] (C. D. Ill 2011).*

For this reason, an IP address cannot be treated in the same way as DNA evidence. An IP address is a considerably less reliable means of "tagging" an individual, thus it should not be used as the sole basis of identifying the John Doe Defendants. This point was recognized by the District Court for the Eastern District of

9

New York, which stated that "the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time." *2012 U.S. Dist. LEXIS 61447 at [\*8].*

Further, in *VPR Internationale v. Does 1-1017,* a mass copyright infringement case nearly identical to this one, U.S. District Judge Harold A. Baker of the Central District of Illinois stated in his April 29, 2011 Order that the alleged infringer "might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *2011 U.S. Dist. 64656 at [\*4].* Judge Baker illustrates this point by making reference to an MSNBC article describing a raid by Federal agents on a home that was linked to downloaded child pornography:

> The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York).

Id. at [\*4] (citing Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless,).

It should be noted that Judge Baker does not address the additional complications associated with "IP spoofing" and unreliable/inaccurate tracking of IP addresses, most likely because these issues were simply not raised by the

10

defendant's attorney. Nevertheless, their possibility adds additional weight to Judge Baker's concerns.

Given virtually identical circumstances to this case, Judge Baker held that ***the risk posed by Plaintiff's "fishing expedition" to a John Doe defendant's reputation (in a mass copyright infringement case) constitutes an undue burden, stating that "whether you're guilty or not, 'you look like a suspect.'"*** Id. at [*5] (citing the MSNBC article, page 2) (emphasis added).

In conclusion, Judge Baker addressed the undeserved reputational injury, embarrassment and harassment a John Doe defendant would be forced to endure should a Plaintiff learn said John Doe defendant's identity:

> Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether [Plaintiff] has competent evidence to prove its case.

Id. at [*5] to [*6].

Thus, as with the John Doe defendants in *VPR Internationale* case, ***this Defendant is also at risk of enduring an undue burden.*** Therefore, the Third Party Subpoena issued to Optimum Online should be quashed.

### III.     The Third Party Subpoena Should Be Quashed Because It Will Not Advance Plaintiff's Case:

The Third Party Subpoena should not have been issued in the first place, because the information sought is not relevant to the Plaintiff's allegations. Moreover, discovery

11

must be limited in situations where the relevance of information sought is outweighed by an undue burden.

Generally stated, Fed. R. Civ. P. 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Therefore, implicit in the rule granting subpoena power is a requirement that the subpoena seek "relevant" information. *See Syposs v. United States, 181 FRD. 224, 226 (W.D.N.Y 1998)*. In this vein, a discovery request is considered relevant when it is "reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 820 (5th Cir. 2004)*.

As noted, Plaintiff seeks to "tag" this John Doe Defendant by way of an IP address; however, as discussed above, an IP address cannot reveal the identity of an alleged infringer. An IP address can only be associated with an Internet subscriber. As stated in the *VPR Internationale* case, "IP subscribers are not necessarily copyright infringers." *2011 U.S. Dist.LEXIS 64656 at [*3]*. An alleged infringer could have been, for example, anyone within the vicinity of an IP subscriber's wireless router. *See Id.*

This was the holding reached by the Eastern District of New York, which found that a Plaintiff's "fishing expedition" will not produce information relevant to allegations of copyright infringement. *Patrick Collins, Inc. v. John Doe 1, 2012 U.S. Dist. LEXIS 165764, [*17] (E.D.N.Y. 2012) ("the Plaintiff failed to establish a reasonable likelihood that the discovery requested would lead to the identity of the Defendants who could be sued").*

In fact, in *Patrick Collins, Inc. v. John Doe 1,* the Eastern District of New York seems to have gone one step further and **_declined_ to hold Internet subscribers responsible**

12

*for the actions of other individuals using their IP address*.  The court noted that if it "were to hold internet account holders responsible for any interlopers and guests who might infringe on the Plaintiff's work, the Court would essentially be imposing a duty that every home internet user vigilantly guard their wireless network.  **The Court declines to impose such a duty**." *Id. at [\*14] (emphasis added)*.

Accordingly, as with *Patrick Collins, Inc. v. John Doe 1* and the *VPR Internationale* case, the information sought by said Third Party Subpoena will only reveal the name of IP subscribers—not alleged infringers.  Thus, the information is not relevant to Plaintiff's allegations.  Thus, the Third Party Subpoena should be quashed.

### IV. **The Third Party Subpoena Should Be Quashed Because Its Burden To The Defendant Outweighs Its Likely Benefit:**

Assuming, *arguendo*, that the information sought by Plaintiff has some amount of relevance—which it does not—discovery requests cannot be granted in cases where the quantum of relevance is outweighed by the quantum of burden to the defendant.  Fed. R. Civ. P. 26(b)(2)(C)(iii) requires that a court must limit discovery requests if "the burden or expense of the proposed discovery outweighs its likely benefit." In this particular case, Plaintiff's request fails this test.

As noted, Defendant, John Doe, is one of many persons who could have used the IP address in question.  Thus, the quantum of relevance to the Plaintiff is small, since only the Internet subscriber (not the copyright infringer) will be revealed.

On the other hand, the burden to Defendant, John Doe, is severe. As discussed above, ***John Doe is at great risk of reputational injury, embarrassment and harassment. Additionally, John Doe is at risk of being intimidated by the Plaintiff, who seeks to extort money—an amount that will no doubt <u>greatly</u> exceed the fair market price of purchasing the allegedly infringed pornographic films identified in the Complaint.***

Fed. R. Civ. P. 45(c)(3)(A)(iv) authorizes the court to quash a subpoena to protect a person from "undue burden." Additionally, Rule 26(c) permits a court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). **When considering the lack of relevance on the one hand, against the severe reputational injury to the Defendant on the other, Plaintiff's Third Party Subpoena clearly fails the test of Rule 26(b).**

Accordingly, Plaintiff's Third Party Subpoena should be quashed in order to stop Plaintiff's "fishing expedition," which will result in an undue burden for the Defendant, John Doe.

## **CONCLUSION**

Given the great uncertainty of tracking down a copyright infringer by use of IP address, Plaintiff has made a presumptuous assertion that this Defendant, John Doe (identified by IP address alone), infringed Plaintiff's copyright. There can be no doubt that Plaintiff—who does not have the desire to prove this cases on its merits—is engaging

14

in an improper "fishing expedition," thereby attempting to extract funds from John Doe by way of hassle, embarrassment and intimidation—especially given the nature of the allegations and the material in question (i.e., pornographic films).

The release of Defendant's confidential personal/identity information, over which this Defendant has a personal and proprietary interest, will subject John Doe to undeserved reputational injury, embarrassment and harassment. As such, Defendant, John Doe, will endure an undue burden should Plaintiff's discovery request be granted. Moreover, the information sought by the Third Party Subpoena is not relevant to the Plaintiff's allegations, since it is not likely to uncover the identity of the copyright infringer.

Accordingly, Defendant, John Doe, by and through counsel respectfully requests that this Court quash the Third Party Subpoena issued to Comcast Cable Holdings, LLC (Comcast), and that the Complaint against this Defendant be dismissed with prejudice.

Respectfully submitted,

_____
Ernest D. Buff, Esq.
**Ernest D. Buff & Associates, LLC**
231 Somerville Road
Bedminster, New Jersey 07921
Attorney for Defendant,
John Doe (IP address 50.166.10.240)

DATED:  May 20, 2015