# EXHIBIT C

# TorrentLawyer™ – Exposing Copyright Trolls and Their Lawsuits

## a Cashman Law Firm, PLLC attorney blog on Copyright Trolls, ISP Subpoena Letters, and Bittorrent Lawsuits against John Does.

Feeds:   Posts   Comments

# Malibu Media targets rich neighborhoods, and introduces prejudicial character evidence into each case.

June 4, 2013 by houstonlawy3r

Malibu Media, LLC has been filing lawsuits across the U.S. with a fervor with one change — most of them appear to be "Single John Doe" lawsuits against defendants whom they believe have **deep pockets**.

In other words, it appears that **Malibu is looking at the geolocation data of the various IP addresses of the so-called downloaders, and they are going after defendants who live in towns which have high value residential homes.** I know this because based on the individuals who call our office, a disproportionate number of them have commented that they have multi-million dollar estates, and they were wondering whether it was ethical to target high value individuals in their copyright infringement lawsuits.

To make matters worse, **Malibu Media, LLC appears to have incentivized their local counsel with financial rewards for bringing in higher settlements.** In the olden days, I could have called one of their contacts directly, and within a few phone calls, I knew what kind of settlement a defendant could get based on how many "titles" or alleged instances of infringement they were accused of downloading. From there, the client and I would decide whether it made more financial sense to fight the case by waiting to be named and filing an answer in court, or whether it made more financial sense to settle the case. **Malibu has complicated this process in order to provide the appearance of legitimacy for the courts. Now, they are having their local counsel negotiate the settlements themselves.** *This would be okay, but it is my experience that local counsel are asking for higher numbers than I know Malibu would have settled for just a few months ago. "The old settlement numbers you used to have with Malibu are no longer in effect," one local counsel told me as she pushed for higher numbers. "We are doing this ourselves now."*

To make matters worse, when **Malibu Media, LLC identifies a downloader by his IP address, they**

track that IP address and monitor that defendant to see what other bittorrent files that defendant is downloading (wiretap?). They continue to monitor that defendant downloading non-Malibu Media titles such as "The Walking Dead," "Homeland," "Breaking Bad," often creating a list multiple pages long of "other" infringing activities that defendant has taken part in. Their logic is that because a particular defendant downloaded those other titles, he is a "serial downloader" and thus it is more likely that he downloaded their titles as well. *A number of us attorneys have explained to their local counsels' deaf ears that just because a particular IP address downloaded a number of bittorrent titles does not mean that the accused defendant is that downloader. However, even the best attorney's understanding of the law can be clouded when money influences that attorney's understanding of it.*

On a positive note, in just a few weeks, we have seen judges rule that **the "other" BitTorrent activity listed in their complaints [for works not owned by Malibu Media] is inadmissible under the Federal Rules of Evidence ("FRE"), specifically Rule 404 on "Character Evidence."** The reason for this is because *"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."* In other words, proving that a particular defendant is a "serial downloader" is not admissible to prove that on a particular date and time, that defendant downloaded Malibu Media's copyrighted titles. Shame on Malibu attorneys for not knowing this.

Further, **judges have ruled that introducing evidence of "other" downloads is not relevant and is actually prejudicial to the defendant**, and thus that so-called evidence is not admissible to prove that the defendant downloaded Malibu Media, LLC's titles. As one example, Judge Stephen Crocker has frozen all of Malibu Media, LLC's cases in the Western District of Wisconsin for this very purpose (link (http://ia601700.us.archive.org/10/items/gov.uscourts.wiwd.33375/gov.uscourts.wiwd.33375.7.0.pdf)).

In sum, messing up on the Federal Rules of Evidence and doing so on each of their "Single Doe" upper-class cases was a big mistake which they might not be able to undo.  And also on a positive note, because they have filed so many "Single Doe" cases across the country, judges across the U.S. are looking deeper into their tactics and their evidence of infringement.  See @Ddragon229's article on the FCT website, "Winds of change begin to blow on Malibu Media (http://fightcopyrighttrolls.com/2013/06/01/winds-of-change-begin-to-blow-on-malibu-media/)" for details on the character evidence issue.

Despite this, Malibu Media, LLC continues to file lawsuits across the U.S. in alarming numbers, and in each case, they continue to file this prejudicial information of "other" downloads as their "Exhibit C" in each case. A snippet of cases filed in just the last few weeks is pasted below:

Cases filed by Chris Fiore in the Pennsylvania Eastern District:
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02858)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02859)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02867)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02868)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02854-JP)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02855-MMB)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02856-JD)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02857-SD)
*Malibu Media LLC v. John Doe* (Case No.2:13-cv-02863-PD)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02864-HB)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02765-MSG)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02766-MSG)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02767-WY)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02768-PD

*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02769-RB)
*Malibu Media LLC v. John Doe* (Case No. 2:13-cv-02770-CMR)

Cases filed by Mary Schulz of Schulz Law PC in the Illinois Northern District:
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03726)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03699)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03700)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03703)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03704)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03705)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03706)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03707)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03710)
*Malibu Media LLC v. John Doe* (Case No. 1:13-cv-03711)

Cased filed by Paul J. Nicoletti of Nicoletti & Associates PLLC inn the Michigan Eastern District:
*Malibu Media LLC v. John Doe subscriber assigned IP address 71.238.205.92* (Case No. 4:13-cv-12231-MAG-MAR)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.42.185.159* (Case No. 2:13-cv-12210-RHC-MJH)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.4.96* (Case No. 2:13-cv-12213-SFC-DRG)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.84.236* (Case No. 2:13-cv-12214-AJT-MKM)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.60.140.87* (Case No. 2:13-cv-12216-PDB-RSW)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.62.41.133* (Case No. 2:13-cv-12217-VAR-RSW)
*Malibu Media LLC v. John Doe subscriber assigned IP address 69.14.181.108* (Case No. 2:13-cv-12218-NGE-DRG)
*Malibu Media LLC v. John Doe subscriber assigned IP address 69.246.89.172* (Case No. 2:13-cv-12220-AJT-DRG)
*Malibu Media LLC v. John Doe subscriber assigned IP address 67.149.158.6* (Case No. 2:13-cv-12197-GAD-PJK)
*Malibu Media LLC v. John Doe subscriber assigned IP address 67.149.89.224* (Case No. 2:13-cv-12198-PDB-MKM)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.40.123.7* (Case No. 2:13-cv-12200-GER-MKM)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.40.46.12* (Case No. 2:13-cv-12201-DPH-DRG)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.35.2* (Case No. 2:13-cv-12202-PDB-DRG)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.41.170.197* (Case No. 2:13-cv-12204-GAD-RSW)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.41.19.221* (Case No. 2:13-cv-12206-DPH-LJM)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.41.86.4* (Case No. 2:13-cv-12208-MOB-RSW)
*Malibu Media LLC v. John Doe subscriber assigned IP address 68.42.172.154* (Case No. 2:13-cv-12209-SJM-MKM)

Cases filed by Paul J. Nicoletti of Nicoletti & Associates PLLC in the Indiana Northern District:
*Malibu Media LLC v. John Doe 12* (Case No. 1:13-cv-00166-PPS-RBC)
*Malibu Media LLC v. John Doe 5* (Case No. 1:13-cv-00164-PPS-RBC)

*Malibu Media LLC v. John Doe 9* (Case No. 1:13-cv-00165-PPS-RBC)

PERSONAL NOTE: Even with all these cases, I have only listed 46 cases having 46 defendants. With the hundreds of filings, it becomes impossible to track and report on each case. The more I look at each of these cases, the more I feel as if they have succeeded in preventing attorneys like myself from tracking and reporting on each of their hundreds of cases. Obviously I am still here, and I am still reporting on these cases. My list of cases to track has just gotten a bit larger.

About these ads (http://wordpress.com/about-these-ads/)

Posted in California (CA), Chris Fiore, Colorado (CO), Copyright Troll Attorneys, Federal Criminal Law, Geolocation of IP Addresses, Illinois (IL), Indiana (IN), Jason Kotzker, Leemore Kushner, Malibu Media LLC, Mary Katherine Schulz, Michigan (MI), P2P, Patrick Cerillo, Paul Nicoletti, Peer-to-peer, Pennsylvania (PA), Torrent, Washington (WA), Wisconsin (WI) | Tagged bittorrent, Character Evidence, Chris Fiore, copyright infringement, Federal Rules of Evidence, FRE, geolocation data, Malibu Media, Malibu Media LLC, Paul J. Nicoletti | 6 Comments

# 6 Responses

**SJD** *on June 4, 2013 at 9:01 pm* | *Reply*



1

0

i
Rate This

Great summary! One small correction: it was not an "SJD's post," it was a community contribution by @Ddragon229.

**houstonlawy3r** *on June 4, 2013 at 9:02 pm* | *Reply*



1

0

i
Rate This

Correcting that now. Thanks!

**pissed off Doe** *on June 5, 2013 at 1:30 am* | *Reply*

0