UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC, | Civil Action No. |
| Plaintiff, | 15-1742 (MCA) (LDW) |
| v. | |
| JOHN DOE subscriber assigned to IP address 50.166.10.240, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

John Doe subscriber assigned to IP address 50.166.10.240 ("defendant") moves for an order quashing a third-party subpoena served by Malibu Media, LLC ("plaintiff") upon defendant's internet service provider, Comcast Cable Holdings, LLC ("Comcast"). (ECF No. 7). Plaintiff filed papers opposing this motion (ECF No. 8), and defendant filed a brief in reply (ECF No. 9). Plaintiff also moved for an order extending its time to effectuate service upon defendant. (ECF No. 10). For the reasons set forth below, defendant's motion to quash the subpoena is **DENIED** and plaintiff's motion for an extension of time to effect service is **GRANTED**.

## I.   Underlying Facts And History

Plaintiff runs a subscription-based website and owns the copyright of various digital pornographic movies. Plaintiff alleges that defendant, as identified by the Internet Protocol (IP) address assigned by Comcast, downloaded, copied, and distributed, without authorization, various of plaintiff's movies over the peer-to-peer file-sharing network BitTorrent.

Plaintiff commenced this action on March 10, 2015, asserting a claim against defendant for willful copyright infringement, in violation of 17 U.S.C. §§ 106(1), 106(3), 106(4), 106(5), 501, and 504(c)(2). On March 25, 2015, plaintiff moved for leave to serve a third-party subpoena

on Comcast, pursuant to Federal Rule of Civil Procedure 45, seeking defendant's name and address. (ECF No. 4). The Honorable James B. Clark, III granted this motion in an April 7, 2015 order. (ECF No. 6).

Defendant now moves, pursuant to Federal Rule of Civil Procedure 45(c), for an order quashing the third-party subpoena that plaintiff subsequently served on Comcast. (ECF No. 7). Plaintiff opposes this motion and moves for an order extending its time to serve the complaint upon defendant until 45 days after the resolution of the motion to quash. (ECF No. 8).

## II. DISCUSSION

*The Legal Standard*

Federal Rule of Civil Procedure 45 generally requires the Court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to an undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)–(iv). The party opposing the subpoena, however, bears a heavy burden of demonstrating that an order to quash would be proper under Rule 45. *Malibu Media, LLC v. Doe*, Civ. A. No. 14-3945 (MAS)(DEA), 2015 WL 3795716, at *2, 2015 U.S. Dist. LEXIS 79005, at *5 (D.N.J. June 18, 2015); *Malibu Media, LLC v. John Does 1–18*, Civ. A. No. 12-07789 (KM)(MCA), 2014 WL 229295, at *6, 2013 U.S. Dist. LEXIS 183958, at *16–17 (D.N.J. Jan. 21, 2014); *Malibu Media, LLC v. John Does # 1–30*, Civ. A. No. 12-3896, 2012 WL 6203697, at *7–8, 2012 U.S. Dist. LEXIS 175919, at *6 (D.N.J. Dec. 12, 2012); *Malibu Media, LLC v. John Does 1–15*, Civ. A. No. 12-2077, 2012 WL 3089383, at *5, 2012 U.S. Dist. LEXIS 105768, at *12 (E.D. Pa. July 30, 2012). Considering a motion to quash requires the Court to examine "whether the Defendants have standing to bring this motion, the relevancy of the production sought, whether any privilege or protection applies to the production, and whether the subpoena subjects Defendants to undue burden." *Schmulovich v. 1161*

*Rt. 9 LLC*, Civ. A. No. 07-597 (FLW), 2007 WL 2362598, at \*2, 2007 U.S. Dist. LEXIS 59705, at \*5 (D.N.J. Aug. 15, 2007); *see also Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at \*6, 2013 U.S. Dist. LEXIS 183958 at \*17; *Patrick Collins, Inc. v. John Does 1-13*, Civ. A. No. 12-7620 (PGS), 2013 WL 3466833, at \*2, 2013 U.S. Dist. LEXIS 96072, at \*4 (D.N.J. July 10, 2013).

*Defendant's Standing*

Defendant claims standing to quash the subpoena on Comcast on the grounds it seeks defendant's personal information, the release of which would result in an undue burden of reputational harm. Defendant also contends that Rule 45(c)(3)(B) specifically permits anyone *affected* by a subpoena to move to quash it.

Plaintiff argues that defendant lacks standing to challenge the subpoena, because compliance with the subpoena poses no burden on defendant, who is not required to act to comply with the subpoena. In any case, plaintiff contends that the nature of the information sought grants defendant no standing, as case law establishes that internet subscribers have no reasonable expectation of privacy in the information they have disclosed voluntarily to their ISPs.

While standing to seek an order quashing a subpoena generally rests only with the subpoena recipient, a nonrecipient has standing to move to quash such a subpoena that seeks to discover his or her personal information. *Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at \*6, 2013 U.S. Dist. LEXIS 183958 at \*17; *Patrick Collins, Inc.*, 2013 WL 3466833 at \*2, 2013 U.S. Dist. LEXIS 96072 at \*4–5; *Schmulovich*, 2007 WL 2362598, at \*2, 2007 U.S. Dist. LEXIS 59705, at \*5–6. Accordingly, defendant has standing to move for an order quashing plaintiff's subpoena upon Comcast. *See Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at \*6,

2013 U.S. Dist. LEXIS 183958 at *17–18; *Patrick Collins, Inc.*, 2013 WL 3466833 at *2, 2013 U.S. Dist. LEXIS 96072 at *5.

*Relevance Of The Information Sought*

Defendant contends that, as an IP address is assigned to an Internet subscriber rather than a user or an individual computer, activity from a certain IP address cannot be attributed to a particular user. Accordingly, defendant argues that defendant's identity, as the IP subscriber, is irrelevant, because plaintiff lacks any basis to assume that the defendant was the particular IP *user* responsible for the alleged copyright infringement. Defendant adds that plaintiff has provided no evidence to rule out the possibility that some other person was simply forging defendant's IP address when the purportedly infringing acts occurred.

Plaintiff urges that defendant's arguments improperly address the action's merits and that, even if defendant was not the particular user in question, discovery of defendant's identity still is likely to lead to the discovery of admissible evidence. Plaintiff urges that this action cannot move forward without Comcast's response to the subpoena.

Contrary to defendant's arguments, and despite the attenuation between the identities of IP subscribers and users, defendant's identity still falls within the broad scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26. *Malibu Media, LLC v. Doe*, 2015 WL 3795716 at *3–4, 2015 U.S. Dist. LEXIS 79005 at *8–9; *Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at *8, 2013 U.S. Dist. LEXIS 183958 at *23–24; *Patrick Collins, Inc.*, 2013 WL 3466833 at *4, 2013 U.S. Dist. LEXIS 96072 at *9–10. That rule permits parties to pursue discovery as to "any nonprivileged matter that is relevant to any party's claim or defense" and, specifically, "the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Even if it proves to be the case that defendant did not engage in the allegedly

infringing acts, the possibility remains that defendant could help identify, or provide information that helps identify, the actual infringer. *See Malibu Media, LLC v. Doe*, 2015 WL 3795716 at \*4, 2015 U.S. Dist. LEXIS 79005 at \*8–9; *Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at \*8, 2013 U.S. Dist. LEXIS 183958 at \*23–24; *Patrick Collins, Inc.*, 2013 WL 3466833 at \*4, 2013 U.S. Dist. LEXIS 96072 at \*9–10.

*Undue Burden On Defendant*

Because defendant does not seek to have the subpoena quashed on grounds of privilege, the Court next addresses whether permitting disclosure of the subpoenaed information would impose an undue burden on defendant.[1]  Defendant argues that disclosure of the demanded personal identifying information would, given the nature of the allegations in this action, likely cause defendant great reputational harm.  Defendant further urges, given the lack of proof that defendant was the IP user in question, that the burden of potential harm to defendant greatly outweighs the potential benefit to plaintiff of obtaining that information.

Generally, a litigant cannot characterize a subpoena as unduly burdensome under Rule 45(c)(3)(A)(iv) when the subpoena is directed to a third party and thus creates no burden of compliance for the litigant.  *Malibu Media, LLC v. Doe*, 2015 WL 3795716 at \*3, 2015 U.S. Dist. LEXIS 79005 at \*7; *Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at \*7, 2013 U.S. Dist. LEXIS 183958 at \*20–21; *Malibu Media, LLC v. John Does No. # 1–30*, 2012 WL 6203697 at \*4, 2012 U.S. Dist. LEXIS 175919, at \*6.  Even considering a claim that reputational injury to

---

[1] Defendant does, in the context of asserting that he has standing to challenge the subpoena, contend that the subpoena seeks "Defendant's identity and other personal information considered to be confidential and over which this Defendant has personal and proprietary interests." Def.'s Br. in Supp., ECF No. 7-1, at 8. Even treating this as an assertion of privilege, case law from this District has established that such assertions are insufficient to justify quashing a subpoena. *Malibu Media, LLC v. John Doe 1–18*, 2014 WL 229295 at \*7, 2013 U.S. Dist. LEXIS 183958 at \*18–20.

a party may be considered an undue burden, that party must demonstrate that permitting the subpoena would result in a "'clearly defined and serious injury.'" *Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at *8, 2013 U.S. Dist. LEXIS 183958 at *21 (quoting *City of St. Petersburg v. Total Containment, Inc.*, Civ. A. No. 07-191, 2008 WL 1995298, at *2, 2008 U.S. Dist. LEXIS 36735, at *7–8 (E.D. Pa. May 5, 2008)).

Defendant's concerns of general reputational harm resulting from Comcast's response to the subpoena fail to demonstrate a clearly defined and serious injury sufficient to justify an order to quash. *See Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at *8, 2013 U.S. Dist. LEXIS 183958 at *21–23. Such concerns may, in any case, be minimized through motions to seal pursuant to Local Civil Rule 5.3, and the Court notes plaintiff's position that it would not oppose a motion by defendant to proceed anonymously.[2] (*See* Pl.'s Br. in Opp'n, ECF No. 8-1, at 11). Accordingly, defendant fails to establish that permitting the subpoena would result in undue burden or that such potential harm would be out of proportion to the benefit to plaintiff of receiving the information. As observed by the Honorable Madeline Cox Arleo in considering a motion almost identical to this one, "If 'any defendant could quash a subpoena based on the mere possibility that someone else has used the defendant subscriber's IP address to perpetuate the alleged infringement' then a plaintiff would be unable to enforce its rights." *Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at *8, 2013 U.S. Dist. LEXIS 183958 at *22 (quoting *Patrick Collins, Inc. v. John Does 1-13*, 2013 WL 3466833 at *4, 2013 U.S. Dist. LEXIS 96072, at *11).

---

[2] Additionally, the Court notes that the identification of defendant as the IP subscriber does not alone present a sufficient evidentiary basis for plaintiff to amend its complaint by naming defendant as the alleged infringer. *See Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 at *8, 2013 U.S. Dist. LEXIS 183958 at *22–23; *Malibu Media, LLC v. John Does 1–11*, Civ. A. No. 12-7726 (KM), 2013 WL 1504927, at *6, 2013 U.S. Dist. LEXIS 52029, at *25 (D.N.J. Apr. 11, 2013).

Hence, defendant fails to meet the "heavy burden" of demonstrating that the subpoena upon Comcast should be quashed.

*Plaintiff's Motion To Extend Time To Serve*

Plaintiff additionally moves to extend its time to serve the complaint on defendant to 45 days after adjudication of the motion to quash. Defendant does not oppose this motion. Because plaintiff could not reasonably have been expected to serve a complaint upon a defendant whose identity has not been discovered, the motion is granted. Plaintiff shall have 45 days from the entry of the Memorandum Opinion and Order to effect proper service on defendant.

**III.    CONCLUSION**

For the reasons stated above, defendant's motion to quash, ECF No. 7, is denied and plaintiff's motion to extend its time to serve a complaint upon defendant, ECF No. 8, is granted.

**IT IS, on this 14th day of October 2015, SO ORDERED.**

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:    Clerk of the Court
    cc:    Hon. Madeline Cox Arleo, U.S.D.J.
        All Parties